**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| DANIELLE S. BROWN, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Civil Action No. AW-08-2696 |
| | * | |
| VERNON R. HERRON, *et al.*, | * | |
| | * | |
| Defendant. | * | |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**MEMORANDUM OPINION**</u>

Plaintiff brought this action against Defendants for negligence, violation of equal protection, and deprivation of rights. Currently pending before the Court are Defendants' Motions to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court has reviewed the parties' filings with respect to the instant Motions, and held a hearing on the matter on July 14, 2009. For the reasons articulated at the hearing and stated more fully below, the Court will grant Defendants' Motions to Dismiss.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

The following facts are taken from the Complaint, and are viewed in the light most favorable to the Plaintiff. Plaintiff Danielle Brown is the wife of decedent Raymond Scott Brown. At the time Mr. Brown was murdered, he and his wife were residents of the Southlake at Lake Arbor ("Southlake") housing subdivision in Prince George's County. Early on the morning of October 13, 2006, two men in a tow truck entered the Southlake subdivision intent on stealing a vehicle. They chose the decedent's car, and began to hook it to the truck. Woken by the sound of the car alarm,

1

Mr. and Mrs. Brown observed the theft and called 911.[1] Lasting only one minute and three seconds, the 911 call began with Mr. Brown's assertion that his car was being towed. After asking several times whether there was any chance that his car was being repossessed, the emergency operator informed Mr. Brown that he would have to wait two hours until the police could determine who had towed his car and why.

After Mr. Brown's conversation with the emergency operator had ended, both he and his wife went outside, got into their second vehicle, and pursued the thieves. After the thieves had gone some distance, they stopped.[2] Mr. Brown got out of the car he had been driving and approached the tow-truck operator. While the operator ran away, a second thief exited the cab of the tow-truck, and shot Mr. Brown in the chest. Although Mr. Brown was transported to Prince George's County Hospital, he was pronounced dead.[3]

This was not the first car theft in Southlake. According to the Complaint, "the car theft problem had become so prevalent and common, [that] the topic was a major issue for the community and was openly discussed at homeowners association meetings." (Paper No. 1 at ¶ 8.) For several months preceding his death, the decedent, along with other residents, had solicited bids from companies to put up fencing around certain areas of the community. Allegedly, Southlake requested that these residents perform this service, and supported them in the endeavor. At the time of Mr.

---

[1] An accurate transcript of the 911 call can be found in the County's motion to dismiss, Paper No. 9 at 2. A CD recording of the call has also been included as Exhibit No. 5 of Paper No. 9. The Court does not rely on the content of this call in ruling on this motion. Even if the Court did rely on the contents of these exhibits, such reliance would not covert the motion to one for Summary Judgment.

[2] Neither party explains exactly how great this distance was, but the Plaintiff claims that she and her husband had been following the truck only a short distance before it stopped, and that Mr. Brown was killed only a few feet away from the place where the gate would have been placed.

[3] One of the thieves has been indicted for murder in the District Court of Maryland for Upper Marlboro, Prince George's County.

Brown's murder, the Homeowner's Association had not acted on the residents' recommendations.

Mrs. Brown, individually and as the representative of the estate of her husband, brought this action against the Defendants on October 14, 2008. She asserted the following claims: (1) Count I – that Herron and the County were negligent in their training and supervision of Prince George's County emergency personnel; (2) Count II – that Southlake was negligent in failing to heed warnings regarding the unsafe condition of its property; (3) Count III – that Herron violated the equal protection clause of the Fifth Amendment by allowing employees to delay dispatching police officers because of the caller's race; and (4) Count IV – that Herron and the County violated Article 24 of the Maryland Declaration of Rights by depriving decedent of his rights. On November 11, 2008, Southlake moved, pursuant to Rule 12(b)(6), to Dismiss Count II, and on December 10, 2008, Prince George's County ("the County") and Vernon Herron ("Herron") moved, pursuant to Rule 12(b)(6), to Dismiss Counts I, III, and IV.

## II.     STANDARD OF REVIEW

The purpose of a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007). That showing must consist of at least "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

In its determination, the Court must consider all well-pled allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999). The Court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 127 S. Ct. at 1965 (internal citations omitted).

### III.   ANALYSIS

Because two separate motions were filed in the case at bar, the Court will consider each separately.

#### A.   SOUTHLAKE'S MOTION

In its Motion to Dismiss, Southlake argues that the Plaintiff's negligence claim fails to assert proximate causation. In Maryland, a plaintiff claiming negligence on the part of a defendant must show "duty or obligation which the defendant is under to protect plaintiff from injury, a failure to discharge that duty, and actual loss or injury to the plaintiff proximately resulting from that failure." *Peroti v. Williams*, 267 A.2d 114, 118 (Md. 1970). Passing over the duty and failure elements of negligence, Southlake focuses on proximate cause. In essence, the Defendant concedes that car theft is a foreseeable result of its failure to erect a fence. It asserts, however, that Mr. Brown's death was not a foreseeable cause of its failure. Instead, it claims that either Mr. Brown's decision to follow

4

the thieves, or the independent action of the thieves, operates as a superceding cause.

In Maryland, the question of superceding cause is tied to that of foreseeabilty. *See Eagle Picher Indus., Inc. v. Balbos*, 604 A.2d 445, 466 (Md. 1992) (finding that "an intermediary's negligent failure to prevent harm will be a superceding cause when it is so extraordinary as to not have been reasonably foreseeable." (internal citations omitted)). Normally, the question of whether an intervening act rises to the level of superceding causation so as to cut off liability is one for the trier of fact. *See Collins v. Li*, 933 A.2d 528 (Md. Ct. Spec. App. 2007). The Court of Special Appeals has, however, held that "when the evidence presented and the logical inferences deducible therefrom admit of but one conclusion, the question becomes one of law." *Collins*, 933 A.2d at 537-38 (citing *Katz v. Holsinger*, 285 A.2d 115 (Md. 1972)).

The Court finds that, given the remoteness of Mr. Brown's murder from Southlake's failure to erect a fence, reasonable minds cannot differ on the question of proximate causation. For this reason, the Court finds that the shooting of Mr. Brown was a superceding cause and, thus, will grant Defendant's Motion to Dismiss Count II.

### B.     HERRON AND THE COUNTY'S MOTION TO DISMISS

The Plaintiff has represented that she has abandoned Count I of her complaint, negligence in training and supervision, against Herron and the County. As such, the Court will not address this Count, and will grant the Defendant's Motion to Dismiss with regard to Count I.

Herron asserts that Count III of the Complaint fails to state a claim upon which relief can be granted because the Fifth Amendment applies to the Federal Government, and not to a state government or to a political subdivision of a state. Price George's County is a political subdivision of the State of Maryland, and Herron is an official of that political subdivision. Because the Plaintiff

has no basis to assert a claim against Herron under the Fifth Amendment to the Constitution, the Court will not address Count III of the Complaint in great detail. Because Herron is not a Federal Employee, the equal protection clause of the Fifth Amendment does not apply to him. In so far as this Count might be converted to a claim under the Fourteenth Amendment, which does apply to State actors, the discussion of Count IV, below, will satisfy the inquiry.

Herron and the County attack Count IV, violation of Article 24 of the Maryland Declaration of Rights, on the grounds that the Plaintiff has failed to plead that the Defendants discriminated against the decedent. While the Maryland Constitution does not expressly guarantee equal protection, those rights guaranteed by the Fourteenth Amendment to the Constitution have been read into Article 24 of the Maryland Declaration of Rights. *See Gilchrest v. State*, 667 A.2d 876, 884 n.3 (Md. 1995) (noting that "although the Maryland Constitution does not contain an express guarantee of equal protection, it is well established that Article 24 embodies the same equal protection concepts found in the Fourteenth Amendment to the U.S. Constitution." (internal citations omitted)).

In her Complaint, the Plaintiff asserts that, on information and belief, emergency personnel treated her husband differently because he lived in a predominantly African American community. The Plaintiff argues that the statement, unsupported by factual allegations, is enough to defeat a Motion to Dismiss pursuant to Rule 12(b)(6). In two recent cases, the United States Supreme Court clarified the standard applicable to Rule 12(b)(6) motions. *See Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Those cases make clear that Rule 8 "requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 556 n.3 (2007). In addressing a motion to dismiss, a court should first review a complaint to determine what pleadings are entitled to the assumption of truth. *See Iqbal*, 129 S. Ct. at 1949-50.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 1949. Indeed, "the Federal Rules do not require courts to credit a complaint's conclusory statements without reference to its factual context." *Id.* at 1954. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The Plaintiff's claim that the Defendants violated her husband's right to equal protection fails under this standard.

In her Complaint, the Plaintiff asserted that emergency personnel asked the decedent questions about his car note because he resided in a predominantly African American community. During the hearing, the Court asked the Plaintiff to explain which neighborhoods receive one type of treatment, and which neighborhoods receive another type of treatment. The Plaintiff could not identify specific neighborhoods of either type. Instead, the Plaintiff suggested that the discrimination of which she complains was doled out on an individual basis.

When the Court asked the Plaintiff what facts demonstrated that emergency personnel discriminated against the decedent as an individual, the Plaintiff relied on the fact that the personnel inquired as to whether the decedent had paid off his car note. Because it is flawed in two distinct ways, this contention, alone, cannot stand to show that the Plaintiff is entitled to relief. Primarily, the contention fails because it is conclusory. That is to say, the contention assumes that, because the decedent was African American, and because the call taker inquired about his car payments, the call taker would not have asked similar questions of a caller of another race. Secondarily, the Court believes that such an inquiry is reasonable and often anticipated when a caller tells emergency personnel that his car has been or is being towed. These two failings are mortal wounds in the side of the overall contention. Aside from this, the Plaintiff has not pled facts that show that a

discriminatory policy exists or that Herron (who is also African American) engaged in any discrimination. For these reasons, the Court will grant Defendants' motion to Dismiss with respect to Counts III and IV.

## IV.     CONCLUSION

For the foregoing reasons, the Court will grant Defendants Southlake and the County's Motions to Dismiss under Rule 12(b)(6).

|  |  |
|---|---|
| July 27, 2009 | /s/ |
| Date | Alexander Williams, Jr.<br>United States District Judge |